IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHY LEISTER et al.,                   :
        *Plaintiffs*,              :       CIVIL ACTION
                                        :
v.                                      :
                                        :
JEWELL TRANSPORT, INC., et al.,         :       No. 14-1411
        *Defendants*.              :

### MEMORANDUM

PRATTER, J.                                               DECEMBER 30, 2015

Defendants Jewell Transport, Inc., and Nathan Pelletier have moved to exclude two of Plaintiffs' experts, both of whom opine on Mr. Pelletier's drug addiction at the time of the motor vehicle accident giving rise to this suit.[1]  The Leisters oppose the motion, arguing that their experts will aid the jury.  The Court agrees with Defendants that Dr. Cyril Wecht's testimony should be excluded, but agrees with Plaintiffs that Dr. Frederic Baurer's testimony passes the bar set by *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993).  Thus, the Court will grant Defendants' motion in part and deny it in part.

FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2012, Kathy Leister and her daughter were involved in a motor vehicle accident with Nathan Pelletier, who was driving a tractor-trailer for his employer Jewell Transport, Inc.  The Leisters filed suit against Mr. Pelletier and Jewell Transport in the

---

[1] Defendants initially filed a *Daubert* motion to exclude Dr. Wecht in September, 2015.  After this motion was filed, the Court granted Plaintiffs more time to supplement Dr. Wecht's expert report and/or to add additional experts on the same topic.  Dr. Wecht did supplement his report, and Plaintiffs added Dr. Frederic Baurer as an addiction expert, as well.  Thereafter, Defendants filed a supplemental motion to exclude both of these experts, largely repeating the same arguments as to Dr. Wecht and adding arguments as to Dr. Baurer.  The Court will therefore treat the initial motion and the supplemental motion as one motion for the purposes of this opinion.

Philadelphia County Court of Common Pleas for injuries incurred in the accident, and the Defendants removed the case to this Court. The parties sharply dispute the cause of the accident.

In the course of discovery, Plaintiffs learned that Mr. Pelletier was in treatment for drug addiction, and they obtained medical records that detail his history of drug abuse. Armed with these medical records, Plaintiffs present two experts who opine that Mr. Pelletier was under the influence of drugs at the time of the tractor-trailer accident, despite Mr. Pelletier's denial of drug use on the day in question and a lack of any blood or urine tests from the time of the accident. Defendants move to exclude the testimony of these experts, arguing that they lack sufficient data or analysis to assist the jury.

**LEGAL STANDARD**

Federal Rule of Evidence 702, which governs the admissibility of expert testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court, in *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), imposed upon district courts the role of a gatekeeper, charging trial courts to "ensure that any and all scientific evidence is not only relevant, but reliable." *ID Sec. Sys. Can., Inc. v. Checkpoint Sys., Inc.,* 198 F. Supp. 2d 598, 601–02 (E.D. Pa. 2002) (quoting *Daubert*, 509 U.S. at 589). When "faced with a proffer of expert scientific testimony . . . the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1)

scientific knowledge that (2) will assist the trier of fact to understand and determine a fact in issue." *Id.* at 602 (quoting *Daubert,* 509 U.S. at 592). The gatekeeping function of the district court includes not just scientific testimony but also "testimony based on . . . 'technical' and 'other specialized' knowledge." *Id.* (quoting *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999)).

DISCUSSION

### A. Dr. Cyril Wecht

Dr. Cyril Wecht is a forensic pathologist who has performed and/or overseen thousands of autopsies which included the interpretation of toxicology tests. Dr. Wecht opines here, in both his original and supplemental reports, that because medical records show that Mr. Pelletier abused oxycodone and other drugs daily in amounts that were at least three times greater than a therapeutic dose for a 10-year period that included the date of the accident, it is "patently inconsistent and illogical" for Mr. Pelletier to claim that he did not take any drugs on the day of the accident, as the addictive properties of opioids are "well-known." *See* Wecht Report, Ex. B, Def.'s Supp. *Daubert* Mot., Docket No. 55. Alternatively, Dr. Wecht opines that if Mr. Pelletier did not take any drugs on that day, "there can be no doubt whatsoever that he would have been suffering from acute withdrawal," which also would have impaired his driving. *See* Wecht Supplemental Report, Ex. C, Def.'s Supp. *Daubert* Mot., Docket No. 55. Dr. Wecht's report and the supplement include only minimal discussion of how the ingestion of these drugs would or could have affected Mr. Pelletier's driving. To the extent Dr. Wecht addresses this at all he does not inform the reader of how the time of the theoretical ingestion would relate to the magnitude of impairment.

Defendants argue that Dr. Wecht's report contains no data, analysis, or methodology to support his opinions. They point out that Dr. Wecht cites almost no outside source material for his opinions and argue that he has failed to comply with the admonition in the Comments to Federal Rule of Evidence 702, which note that, "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Defendants argue that Dr. Wecht has not sufficiently connected his experience performing autopsies and interpreting laboratory test results with the opinions he espouses in this matter, given that his opinions themselves are not based on any clinical test results. Defendants also argue that Dr. Wecht's report amounts to nothing more than an attack on the credibility of Mr. Pelletier, an improper subject of expert testimony.

Plaintiffs respond that Dr. Wecht's opinions are grounded in his medical knowledge of the long term effects of narcotic abuse and are therefore reliable. Plaintiffs argue that Dr. Wecht's testimony will help the jury understand the basic issues of narcotic abuse, dependency, and withdrawal. The remainder of Plaintiffs' arguments in favor of allowing Dr. Wecht to testify simply recite conclusory statements, such as that his opinions "are not based on subjective beliefs," that they are based on a "demonstrably reliable methodology," and that he has "good grounds" for his opinion, without explaining what methodology or "good grounds" Dr. Wecht relies upon.

Although it is clear that Dr. Wecht is an experienced and highly qualified forensic pathologist, in this case as it now stands his testimony will not assist a trier of fact as to any dispute to be resolved by the jury. Dr. Wecht does little more in his report than state that if medical records indicate daily drug abuse and a long history of addiction, the word "daily" must

be taken literally. While the Plaintiffs argue that Dr. Wecht will assist the jury in understanding narcotic abuse and withdrawal, Dr. Wecht's report contains very little specific information about *how* drug dependency would have affected Mr. Pelletier's ability to operate a motor vehicle or otherwise give the jury any helpful analysis of the facts that is beyond what the jury could surmise using their own common sense and the facts of record. "[A] party may not filter fact evidence and testimony through [his] expert merely to lend credence to the same nor may expert testimony be used merely to repeat or summarize what the jury independently has the ability to understand." *Kia v. Imaging Scis. Int'l, Inc.*, No. CIV.A 08-5611, 2010 WL 3431745, at *5 (E.D. Pa. Aug. 30, 2010) (internal quotations omitted). Moreover, as Defendants point out, Dr. Wecht has not tied his experience interpreting toxicology reports to the facts of this case. For example, Dr. Wecht imparts no information that relates (or that would help the jury to relate) the direct or indirect relationship of the quantity, time, and possible impairment. Given the disconnect between Dr. Wecht's area of expertise and the facts in this case and the lack of any meaningful examination of drug addiction and its effect on driving, coupled with the absence in the record of any measurable drug consumption by Mr. Pelletier within a documented period of time before the accident at issue as any reason or basis for his opinion, Dr. Wecht will not be permitted to present his opinion to the jury in this case.

### B. Dr. Frederic Baurer

Dr. Frederic Baurer is a psychiatrist who specializes in treating addiction. In his report, Dr. Baurer discusses opioid addiction, use patterns of opioid abusers, the long term effects of opioid addiction, and the effects of opioid use on the ability to drive. He opines that Mr. Pelletier was actively addicted to opioids at the time of the accident and that his behavior at the time of the accident is consistent with active addiction.

Defendants argue, as they did with respect to Dr. Wecht, that Dr. Baurer's opinions are speculative and highly prejudicial.  They argue that without any concrete data that Mr. Pelletier used drugs on the day of the accident, Dr. Baurer's opinions are not grounded in fact.  Plaintiffs respond that Dr. Baurer's opinions will help the jury understand narcotics dependency and argue that without testimony putting Mr. Pelletier's drug use into context, the jury will be left to speculate on how it may have affected his driving on the date of the accident.

While it is true that there is no drug test from the date of the accident, Dr. Baurer's report about drug dependency draws from Mr. Pelletier's own medical records, but, unlike Dr. Wecht's report, it also does more than simply parrot those records for the jury.  Dr. Baurer explains the normal course of opioid addiction, the signs and symptoms of opioid addiction, how such an addiction impacts the ability to operate a motor vehicle.  He draws on his own professional experience and cites to appropriate scholarship on the subject.  His testimony goes beyond the likely knowledge of a juror, and therefore may assist the jury in interpreting the facts of this case.  Therefore, he will be permitted to testify.  The Court expresses no opinion about his credibility or the strength of his conclusions, and the Defendants may, of course, cross examine him vigorously at trial.

**CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part Defendants' Motion.  An appropriate Order follows.

BY THE COURT:

s/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE